NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                       :
GATEWAY MARINE, INC.,                  :
                                       :     Civil Action No. 08-3620 (JAP)
           Plaintiff,                  :
                                       :
v.                                     :
                                       :     OPINION
CENTURY BOAT COMPANY, INC.,            :
PORT ATLANTIC BOAT SALES, INC.,        :
and LIGHTNING JACK'S BOAT SALES        :
AND MARINA,                            :
                                       :
           Defendants.                 :
_____:

Pisano, District Judge:

Before the Court are Plaintiff Gateway Marine, Inc.'s Motion for Remand, and Defendant Century Boat Company, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed the instant nine-count Amended Complaint in the Superior Court for the State of New Jersey, Monmouth County, on or around July 3, 2008. Defendant Century removed the action to this Court on July 17, 2008. Oral argument was held on October 30, 2008. Because this Court concludes that it lacks jurisdiction over the instant dispute, the Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and remanded to the Superior Court.

I.      Background

Plaintiff Gateway Marine, Inc. ("Gateway"), a New Jersey corporation based in Belford, New Jersey, sells boats and related products and equipment to the Monmouth County area.

1

Gateway's one sales location and two dry stack marinas are all within the Monmouth County area.  In 1990, Gateway entered into an agreement with Defendant Century Boat Company, Inc. ("Century") to become an authorized dealer for the sale and service of Century boats, and related Century boating products.  The parties renewed and modified the agreement several times over the next eighteen years, and executed the most recent agreement on August 21, 2007 (the "Dealer Agreement").  Over the course of its eighteen years as an authorized Century dealer, Gateway made numerous expenditures in order to sell Century products, including two lit Century signs located outside Gateway's marinas, miscellaneous Century promotional items, showroom displays with Century model signage, and various advertisements featuring Century products in the Yellow Pages, magazines, regional newspapers, and on billboards and the internet.  Gateway also hosted semi-annual boat shows and biannual fishing tournaments featuring Century products exclusively.

At some point during or at the inception of the relationship, Gateway came to believe it possessed "an exclusive trade area and territory [for Century products] from Monmouth County south to Forked River, north to Staten Island and New York City, west to Trenton and then north along the Delaware River to the New York State Line" (the "Territory").  (Compl. ¶ 53.) Century, apparently, did not share the belief that the Dealer Agreement bestowed any exclusive Territory to Gateway.  Around January 2008, a Century representative informed Gateway that Century planned to "'sell[]' a portion of the Territory" to Green Cove Marina, located in Brick, New Jersey.  (Compl. ¶ 55.)  Green Cove subsequently assigned its interest in Century to Defendant Lightning Jack's Boat Sales and Marina ("Lightning Jack's").  The following month, in February 2008, Century's National Sales Manager and Regional Sales Manager attended a

boat show in Atlantic City, New Jersey. At the show, Gateway was advised that Century "would be granting another large portion of the Territory" to Defendant Port Atlantic Boat Sales, Inc. ("Port Atlantic"), a New York company. Century's Regional Sales Manager, Don Taglionetti, further noted that Century intended to enter into relationships with authorized dealers "every twenty to thirty miles in the Northeast." (Compl. ¶ 61.) Gateway alleges that the two assignments to Lightning Jack's and Port Atlantic represent an approximate seventy percent reduction of its exclusive Territory.

Gateway filed a verified Complaint with the Superior Court for the State of New Jersey, Monmouth County, in June 2008, and filed an Amended Complaint[1] in that same court on or around July 3, 2008. Century removed the action to this court on July 18, 2008 on the basis of diversity jurisdiction. In lieu of an Answer, Century filed the instant motion to dismiss on August 11, 2008. Shortly thereafter, on August 22, 2008, Gateway filed its motion for remand to the state court, alleging an absence of subject matter jurisdiction.

## II.     Subject Matter Jurisdiction

There is no dispute that Plaintiff Gateway and Defendant Lightning Jack's are New Jersey "citizens" for purposes of diversity jurisdiction, or that Defendants Century and Port Atlantic are "citizens" of Florida and New York, respectively.[2] It is also undisputed that Gateway's

---

[1] The Amended Complaint is the operative Complaint in this case, and all references to "Complaint" are understood to refer to the Amended Complaint.

[2] For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ..." 28 U.S.C. § 1332(c)(1). Century is Florida corporation and its principal place of business is Florida. Port Atlantic is a New York corporation and its principal place of business is New York. Lightning Jack's is a New Jersey corporation and its principal place of business is New Jersey.

3

Complaint alleges causes of action under state law only.  As such, on the face of the Complaint, there is a lack of federal diversity jurisdiction.  Century contends that non-diverse Defendant Lightning Jack's was fraudulently joined to defeat diversity, and that Lightning Jack's citizenship may therefore be ignored.  Without complete diversity, the case may remain in this Court only if Defendants establish that Gateway fraudulently joined Lightning Jack's as a party in order to destroy diversity.  The Court concludes that at least one claim against Lightning Jack's is colorable, and Gateway's motion is accordingly granted.

### A.   Fraudulent Joinder

A defendant may remove from state court to federal court any civil suit where complete diversity exists as between the plaintiffs and the defendants.  *See* 28 U.S.C. §§ 1332(a)(1);[3] 1441(a).[4]  However, a suit may be remanded back to the state court if subject matter jurisdiction is lacking at any point following the initial removal.  *See* 28 U.S.C. § 1447(c).  "[I]n the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.  But the removing party carries a 'heavy burden of persuasion' in making this showing."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021 (1988)).  Joinder of a party is

---

[3]   28 U.S.C. § 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interests and costs, and is between-(1) citizens of different states."

[4]   28 U.S.C. § 1441(a) states, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985). Claims are not colorable where they are "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852. The removing-defendant bears the "substantial burden" of establishing that the joinder was fraudulent, and any uncertainty regarding the relevant substantive law or facts must be resolved in favor of the plaintiff. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Further, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff*, 977 F.2d at 851.

In evaluating whether a challenged claim is "colorable," the Third Circuit has directed that, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.*; *see also Pinnacle Choice, Inc. v. Silverstein*, No. 07-5857, 2008 U.S. Dist. LEXIS 36786, *21 (D.N.J. May 6, 2008) (stating, "[f]raudulent joinder is about frivolousness. It must be impossible for a state court to find that a plaintiff has stated a valid cause of action."). Therefore, the inquiry into the relevant state law "should not be penetrating" and should be distinguished from the standard required for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Batoff*, 977 F.2d at 853, 852 (noting that "the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief can be granted.").

B.     **Application to Lightning Jack's**

Gateway advances two claims, tortious interference with contractual relations and civil conspiracy, against the non-diverse Defendant, Lightning Jack's.  Therefore, to establish fraudulent joinder, Century must establish that there is no reasonable basis for either claim.  That is, "[t]he existence of a single valid cause of action against the [non-diverse defendant] defeats an assertion of fraudulent joinder, and thus diversity." *Silverstein*, 2008 U.S. Dist. LEXIS 36786 at *20.

To establish a claim for tortious interference with an existing contract under New Jersey law, a party must prove (1) "an existing contractual relationship; (2) intentional or malicious interference with that relationship; (3) loss or breach of a contract as a result; and (4) damages resulting from that interference." *DiGiorgio Corp. v. Mendez & Co.*, 230 F. Supp. 2d 552, 557 (D.N.J. 2002) (citing *Printing Mart-Morrison v. Sharp Elec. Corp.,* 116 N.J. 739, 750-51 (1989)).  A claim for tortious interference "must be based, in part, on facts claiming that the interference was done intentionally and with 'malice.'" *Dello Russo v. Nagle*, 358 N.J. Super. 254, 268-69 (App. Div. 2003). A civil conspiracy claim requires a plaintiff to demonstrate: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." *Morganrogh & Morganroth v. Norris, McLaughlin & Marcus, P.C.,* 331 F.3d 406 (3d Cir. 2003) (internal citations omitted).   "[T]he gravamen of an action in civil conspiracy is not the conspiracy itself but the underlying wrong which, absent the conspiracy, would give a right of action." *Board of Educ., Asbury Park v. Hoek*, 38 N.J. 213, 238 (1962).

Century argues that Gateway has fraudulently joined Lightning Jack's to the litigation in an effort to defeat diversity. However, Century bears the burden of persuasion on this issue, and offers no basis on which this Court can find the claim to be frivolous, other than maintaining that, "as a matter of law, the Dealership Agreement does not provide Gateway with an expansive and exclusive territory [and therefore] Gateway's claims are wholly insubstantial and frivolous." (Def.'s Br. in Opp'n to Mot. to Remand 11.) It appears that Century's primary argument in opposition to remand is that, based on an interpretation of the Dealer Agreement, Gateway would be unable to adequately state a claim for which relief can be granted against Lightning Jack's. As the Third Circuit has made explicitly clear, such a searching inquiry is inappropriate for this jurisdictional analysis. *See, e.g., In re Briscoe*, 448 F.3d 201 (3d Cir. 2006) (holding that though a Court may look beyond the pleadings to identify indicia of fraudulent joinder, "a district court must not step from the threshold jurisdictional issue into a decision on the merits." (internal quotations omitted)). Plaintiff has alleged facts relating to each element of the cause of action for tortious interference with contractual relations: an existing contractual relationship between Gateway and Century (Compl. *passim*); Lightning Jack's intentional interference ("Lightning Jack's knew about the existence of the Dealer Agreement and Gateway's control over the Territory and therefore intentionally interfered with the Dealer Agreement" (Compl. ¶ 101)); an alleged breach of the contract by Century for assigning portions of Gateway's purported exclusive Territory to Lightning Jack's (Compl. ¶ 62); and damages flowing from the reduction in the purported exclusive territory (Compl. ¶ 103.) Though this Court is highly skeptical that Gateway will be able to successfully advance this claim against Lightning Jack's (or against Century, for that matter) past a Rule 12(b)(6) examination, this Court is guided by the Third

Circuit's repeated admonishments that where it is possible, even if unlikely, that a state court could find that a complaint states a cause of action against a non-resident defendant, "the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111.  As a result, Gateway's motion for remand must be granted and the entire action must be remanded to state court.

**III.    Conclusion**

For the reasons stated above, Gateway's motion for remand to the New Jersey state court is granted, and the suit is dismissed pursuant to Rule 12(b)(1).  Because this Court lacks subject matter jurisdiction over the instant dispute, it accordingly does not address Century's motion to dismiss.  An appropriate Order accompanies this Opinion.


Dated: February 3, 2009